FILED
JAN 3 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH EUGENE SPEIGHT, #12471-014
PUB 8000   Plaintiff,
Bradford, PA 16701
-vs-

FEDERAL BUREAU OF PRISONS,
        Defendant.

CASE NUMBER 1:07CV00208
JUDGE: Unassigned
DECK TYPE: Pro se General Civil
DATE STAMP: 01/30/2007

Civil

JURY ACTION

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff brings this action due to adverse determinations resulting from agency's failure to maintain accurate records.

### I. JURISDICTION

1. Jurisdiction is founded on a federal question arising under the Constitution and laws if the United States, 28 U.S.C. § 1331.

2. The action further arises under 5 U.S.C. §§ 552a et seq, and 702 et seq.

### II. PARTIES

3. Plaintiff, Kenneth Eugene Speight, is a prisoner in federal custody, currently incarcerated at Federal Correction Institution - McKean, Bradford, Pennsylvania.

4. Federal Bureau of Prisons is an "agency" within the meaning of 5 U.S.C. § 501 et seq; its principal offices are located at 320 First Street, N.W., Washington, D.C.

RECEIVED
JAN 16 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

## III. FACTUAL BACKGROUND

5.  In February 1998, Plaintiff entered confinement under custody of the Federal Bureau of Prisons (BOP), at Federal Correction Institution (FCI), Ray Brook, New York, a "medium security" prison.

6.  In March 1998, BOP employee, Dr. gilbertson, entered classification data into Plaintiff's "Central File" falsely indicating that drug abuse contributed to the offense for which Plaintiff was incarcerated, and that, he was therefore required to participate in her drug education program. As a consequence of this erroneous information, Plaintiff was restricted to the lowest pay grade at his prison job, and given an adverse score on his custody classification.

7.  In September 1999, Plaintiff discovered that he had been classified with a security designation of "GREATEST SEVERITY - PUBLIC SAFETY" factor.

8.  BOP employee, M. Picerno, admitted to Plaintiff that he had been improperly scored as to custody classification, and on October 1, 1999, removed the erroneous Public Safety designation.

9.  Plaintiff was determined to be a "low - security" prisoner, however, on October 28, 1999, BOP employee Picerno made false representations in conjunction with BOP employee Gilbertson's false information in application for imposition of a "Greater Security Management Variable," and thus, precluded Plaintiff from being eligible for transfer to a low security institution.

10. Plaintiff made request to correct the false information input by Gilbertson which indicated that he was required to participate in a drug education program, but the Defendant refused to make correc-

tion.

11.     Defendant's employees willfully maintained false data in Plaintiff's Central File so as to indicate that Plaintiff may have had outstanding arrest warrants, thus, justifying Plaintiff's continued confinement in a medium security prison.

12.     Plaintiff requested that the false data be corrected and the Defendant's employees refused to change the erroneous information or to make effort to verify its correctness or incorrectness.

13.     On July 16, 2002, BOP employee Salamy made false representations in application to request transfer of Plaintiff by falsely alleging that staff at FCI Ray Brook had testified at Plaintiff's trial.

14.     In July 2002, Plaintiff was transferred from FCI Ray Brook to FCI Allenwood based upon Salamy's false representations.

15.     In January 2003, BOP employee, A. Foura, admitted to Plaintiff that he was not required to take a drug education program as had been claimed by Dr. Gilbertson, however, Foura entered false classification data into Plaintiff's Central File indicating that Plaintiff was a "current violence" felony offender, although, Plaintiff was neither indicted nor sentenced for violent offense at any time current of past.

16.     In January 2005, BOP employees Sims and Foura re-entered the Greatest Severity - Public Safety factor data into Plaintiff's custody classification file in which raised his custody level to medium security without need for a "management variable."

17.     Plaintiff made request to correct the false information, and the Defendant's employees indicated that the information would be

corrected, but failed or refused to do so.

18.     In January 2005, BOP employees Sims and Foura made false representations in application to request transfer of Plaintiff by alleging that Plaintiff requested transfer to FCI Bennettsville, South Carolina.

19.     The Defendant's employees maintained security custody data in Plaintiff's file which indicated that he was still serving a sentence for firearm possession which he had in fact completed and discharged in April of 2003.  The Defendant's employees falsely re-characterized the nature of the offense to justify a security level increase to "high security" and transferred Plaintiff to a U.S. Penitentiary (USP).

20.     From June 2005 through June 2006, Plaintiff made repeated inquiries of officials at USP Allenwood as to why his custody level had been increased from +6, "low-security," to +18, "high-security," and on each occasion, officials indicated that they would look into the matter.

21.     On July 28, 2006, Plaintiff made written request for correction of his classification records, and on September 19, 2006, he received response indicating the erroneous information had been corrected, but in fact it had not.

22.     Plaintiff filed formal administrative remedy request, BP-9, which the USP Allenwood administrative remedy coordinator received on September 29, 2006, and BOP employee McMahan made application to have Plaintiff transferred.

23.     On October 4, 2006, Plaintiff was transferred, redesignated to FCI McKean.

24.     On October 25, 2006, at FCI McKean, Plaintiff received in the regular mail, the administrative remedy BP-9 which he had filed at USP Allenwood. No response from the Warden accompanied the form, but instead, a photocopy of the request containing a statement dated October 2, 2006, claiming to "withdraw" the request and a forgery of Plaintiff's signature, was attached to the original request. The statement claimed that the "Unit Team" had resolved the issue.

25.     Beginning in February 1998, and continuing through October of 2006, Defendant agency's employees persistently engaged in the practice of deliberately entering and maintaining false information in Plaintiff's file(s) for the purpose of effecting adverse security designation and custody classification determinations so as to justify housing Plaintiff in higher security prisons, and as a consequence of which, Plaintiff was unreasonably and repeatedly exposed to the dangers attendant to being incarcerated with younger, violent prisoners, and resulting in Plaintiff being attacked and injured on multiple occasions.

## IV.  CAUSE OF ACTION

26.     Paragraphs 1 thought 25 are realleged as if fully set forth here.

27.     The Defendant failed to maintain accurate records, did so intentionally or willfully, and consequently, adverse determinations were made respecting Plaintiff, and is the proximate cause of injury.

## V. REQUEST FOR RELIEF

28.  WHEREFORE, Plaintiff request the Court grant the following relief:

   a. That judgment be entered against the Defendant;

   b. Damages in the amount of $100,000.00;

   c. Cost of this action and reasonable attorney's fees;

   d. Plaintiff request jury trial as provided in FRCivP 38;

   e. Such other and further relief as the Court may deem just and proper.

Respectfully Presented,

*[signature]*
Kenneth Eugene Speight
c/o P.O. Box 8000
Bradford, Pennsylvania
[16701]

## DECLARATION

I, Kenneth Eugene Speight, hereby declare and affirm, under the penalty of perjury, pursuant to 28 USC § 1746, that the foregoing is true and correct to the best of my knowledge and understanding, on this 9th day of January 2007.

*[signature]*
Kenneth Eugene Speight

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Kenneth Eugene Speight

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (PR)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
#12471-014

## DEFENDANTS
Federal Bureau of Prisons

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

CASE NUMBER 1:07CV00208
JUDGE: Unassigned
DECK TYPE: Pro se General Civil
DATE STAMP: 01/30/2007

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENS
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☒ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☒ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC 1983

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 100,000   Check YES only if demanded in complaint   JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES ☐ NO   If yes, please complete related case form.

DATE 1.30.07   SIGNATURE OF ATTORNEY OF RECORD   NCD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

forms\js-44.wpd