UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH EUGENE SPEIGHT,
       Plaintiff,

-vs-                              Civil Number 07-208(RCL)

FEDERAL BUREAU OF PRISONS,
       Defendant.            JURY TRIAL DEMANDED

**RECEIVED**
MAY 1 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**AMENDED COMPLAINT**

Plaintiff brings this action due to adverse determinations resulting from agency's failure to maintain accurate records.

I.    **JURISDICTION**

1.    Jurisdiction is founded on a federal question arising under the Constitution and laws of the United States, 28 U.S.C. § 1331.

2.    The action further arises under 5 U.S.C. §§ 552a et seq, and 702 et seq.

II.    **PARTIES**

3.    Plaintiff, Kenneth Eugene Speight, is a prisoner in federal custody, currently incarcerated at Federal Correction Institution McKean, Bradford, Pennsylvania.

4.    Federal Bureau of Prisons is an "agency" within the meaning of 5 U.S.C. § 551(1); its principal offices are located at 320 First Street, N.W., Washington, D.C.

III.    **FACTUAL BACKGROUND**

5.    InFebruary 1998, Plaintiff entered confinement under custody of the Federal Bureau of Prisons (BOP), at Federal Correction Institution (FCI), Ray Brook, New York, a "medium security" prison.

1

6.   In March 1998, BOP employee, Dr. Gilbertson, entered classification data into Plaintiff's "Central File" falsely indicating that drug abuse contributed to the offense for which Plaintiff was incarcerated, and that, he was therefore required to participate in her drug education program. As a consequence of this erroneous information, Plaintiff was restricted to the lowest pay grade at his prison job, and given an adverse score on his custody classification.

7.   In September 1999, Plaintiff discovered that he had been classified with a security designation of "GREATEST SEVERITY - PUBLIC SAFETY" factor.

8.   BOP employee, M. Picerno, admitted to Plaintiff that he had been improperly scored as to custody classification, and on October 1, 1999, removed the erroneous Public Safety designation.

9.   Plaintiff was determined to be a "low - security" prisoner, however, on October 28, 1999, BOP employee Picerno made the false representation that Plaintiff had "difficulty communicating with staff, in conjunction with BOP employee Gilbertson's false information, in application for imposition of a "Greater Security Management Variable," and thus, precluded Plaintiff from being eligible for transfer to a low security institution.

10.   Plaintiff made request to correct the false information input by Gilbertson which indicated that he was required to participate in a drug education program, but the Defendant refused to make correction.

11.   Defendant's employees willfully maintained false data in

Plaintiff's Central File so as to indicate that Plaintiff may have had outstanding arrest warrants, thus, justifying Plaintiff's continued confinement in a medium security prison.

12. Plaintiff requested that the false data be corrected and the Defendant's employees refused to change the erroneous information or to make effort to verify its correctness or incorrectness.

13. On July 16, 2002, BOP employee Salamy made false representations in application to request transfer of Plaintiff by falsely alleging that staff at FCI Ray Brook had testified at Plaintiff's trial.

14. In July 2002, Plaintiff was transferred from FCI Ray Brook to FCI Allenwood based upon Salamy's false representations.

15. In January 2003, BOP employee, A. Foura, admitted to Plaintiff that he was not required to take a drug education program as had been claimed by Dr. Gilbertson, however, Foura entered false classification data into Plaintiff's Central File indicating that Plaintiff was a "current violence" felony offender, although, Plaintiff was neither indicted nor sentence for violent offense at any time current or past.

16. In January 2005, BOP employees Sims and Foura re-entered the Greatest Severity Public Safety factor data into Plaintiff's custody classification file so as to raise his custody level to medium security without need for a "management variable."

17. PLaintiff made request to correct the false information, and the Defendant's employees indicated that the information would be corrected, but failed or refused to do so.

18.   In January 2005, BOP employees Sims and Foura made false representations in application to request transfer of Plaintiff by alleging that Plaintiff requested transfer to FCI Bennetville, South Carolina.

19.   The Defendant's employees maintained security custody data in Plaintiff's file which indicated that he was still serving a sentence for firearm possession which he had in fact completed and discharged in April of 2003. The Defendant's employees falsely re-characterized the nature of the offense to jsutify a security level increase to "high security" and transferred Plaintiff to the U.S. Penitentiary (USP), as retaliation for PLaintiff having filed civil suit against Sims.

20.   From June 2005 through June 2006, Plaintiff made repeated inquiries of officials at USP Allenwood as to why his custody level had been increased from +6, "low-security," to +18 "high-security," and on each occasion, officials indicated that they would look into the matter.

21.   On July 28, 2006, PLaintiff made request for correction of his classification records, and on September 19, 2006, he received response indicating the erroneous information had been corrected, but infact, it had not.

22.   Plaintiff filed formal administrative remedy request, BP-9, which the USP Allenwood administrative remedy coordinator received on September 29, 2006, and BOP employee McMahan made application to have Plaintiff transferred.

23.   On October 4, 2006, Plaintiff was transferred, redesignated

to FCI McKean.

24.  On October 25, 2006, at FCI McKean, Plaintiff received in the regular mail, the administrative remedy BP-9 which he had filed at USP Allenwood. No response from the Warden accompanied the form, but instead, a photocopy of the request containing a statement dated October 2, 2006, claiming to "withdraw" the request and a forgery of Plaintiff's signature, was attached to the original request. The statement claimed that the "Unit Team" had resolved the issue.

25.  Defendant rejected Plaintiff's attempts to pursue the administrative remedy, and continues to classify Plaintiff as serving the sentence discharged in 2003, and with a "Public Safety" factor of "Greatest Severity."

26.  Beginning in February 1998, and continuing through October of 2006, Defendant agency's employees persistently engaged in the practice of deliberately entering and maintaining false information in Plaintiff's file(s) for the purpose of effecting adverse security designation and custody classification determinations so as to justify housing Plaintiff in higher security prisons, and as a consequence of which, Plaintiff was unreasonably and erpeatedly exposed to the dangers attendant to being incarcerated with younger, violent prisoners, and resulting in Plaintiff being attacked and injured on multiple occasions.

## IV. CAUSE OF ACTION

27.  Paragraphs 1 through 26 are realleged as if fully set forth here.

28.  The Defendant failed to maintain accurate records, did so in-

tentionally or willfully, refused to correct said records, and consequently, adverse determinations were made respecting Plaintiff, and is the proximate cause of injury.

## V. REQUEST FOR RELIEF

29.  WHEREFORE, Plaintiff request the Court grant the following relief:

    a.    That judgment be entered against the Defendant;

    b.    That Order issue compelling Defendant to expunge the erroneous classification and security designation data from the Plaintiff's Central File;

    c.    Damages in the amount of $100,000.00;

    d.    Award for cost of this action and reasonable attorney fees;

    e.    Plaintiff requests jury trial as provided in FRCivP, RUle 38;

    f.    Such other and further relief as the Court may deem just and proper.

Respectfully Presented,

Kenneth Eugene Speight
c/o P.O. Box 8000
Bradford, Pennsylvania [16701]

## DECLARATION

I, Kenneth Eugene Speight, hereby declare and affirm, under the penalty of perjury, pursuant to 28 USC § 1746, that the foregoing is true and correct to the best of my knowledge and understanding, on this 7th Day of May 2007.

Kenneth Eugene Speight
Bradford, Pennsylvania