UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH EUGENE SPEIGHT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 07-208 (RCL) ) |
| FEDERAL BUREAU OF PRISONS, | ) ) ) |
| Defendant. | ) ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
RULE 11 MOTION**

Defendant, the Federal Bureau of Prisons, by and through undersigned counsel, respectfully submits the following Opposition to Plaintiff's Motion for Sanctions (Mot.).

I. INTRODUCTION

Plaintiff, a prisoner *pro se*, brought this lawsuit under the Freedom of Information Act (FOIA). In his complaint, he alleged that the Bureau of Prisons improperly withheld releasable documents pertaining to his administrative detention in 2004. On May 10, 2007, plaintiff filed an amended complaint abandoning his FOIA claim and instead asserting a cause of action under the Privacy Act. On September 4, 2007, Plaintiff filed a motion for sanctions under Fed. R. Civ. P. 11(b) seeking an order compelling defendant to retract an alleged misrepresentation and to respond to the complaint. Mot. at 2. The grounds for the motion are that plaintiff disputes defendant's assertion that he abandoned his FOIA claim when he amended his complaint. Mot. ¶ 4. He also alleges that defense counsel's failure to confer with agency counsel and her failure to investigate the allegations in the complaint shows lack of due diligence.

## II. RULE 11 STANDARD OF REVIEW

The standard for the applying Rule 11 sanctions is very high in the District of Columbia and certainly not met in this case. Under Rule 11(b), a person signing a pleading certifies among other things that:

> . . . to the best of the person's knowledge, information, and belief . . . [the pleading] (1) is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law . . .; (3) the allegations and other factual contentions have evidentiary support [or] are likely to have evidentiary support . . .; and (4) the denials of factual contentions are warranted on the evidence . . .

(Brackets and ellipses added).

In this Circuit, the test is whether a "reasonable inquiry would have revealed that there is no basis in law or fact for the asserted claim." Laverne Johnson Reynolds, et al. v. The U.S. Capitol Police Board, 357 F.Supp.2d 19, 23 (D.D.C. 2004). Thus, it almost goes without saying that, even if the Court subsequently finds that a party failed to sustain its burden of proof with respect to a contention, this hardly demonstrates a Rule 11 violation. Naegele v. Albers, 355 F.Supp.2d 129, 147 (D.D.C. 2005). A court will not find Rule 11 sanctions based upon "procedural niceties." Rather, it must be "patently clear" that a pleading "had no chance of success under the existing precedents and [that] no reasonable argument [could] be advanced to extend, modify or reverse the law as it stands." Independence Fed. Savings Bank v. Bender, 230 F.R.D. 11, 16-17, 2005 U.S. Dist. LEXIS 16923 (D.D.C. July 19, 2005). Therefore, Rule 11 sanctions, which never are to be "take[n] lightly," are "an extreme punishment for pleadings that frustrate judicial proceedings." Dove v. WMATA, 2005 U.S. Dist. LEXIS 17955 (D.D.C. Aug. 18, 2005) at *7.

Not surprisingly, Rule 11 is to be applied sparingly.  It is a "blunt instrument of sanction against individual attorneys . . . to be  applied with restraint."  Dove, 2005 U.S. Dist. LEXIS 17955 at *7 (emphasis added).  Rule 11 "guards against abuses to the judicial process," such as "frivolous and baseless filings that are not well grounded, [are] legally untenable, or brought for the purpose of vexatiously multiplying the proceedings."  Id. at *9.  Thus, one example of the proper application of Rule 11 sanctions would be where a party reiterates arguments that have already been rejected by the Court.  Laverne Johnson Reynolds 357 F.Supp. 2d. at 24.

When considering a Rule 11 sanctions motion, the Court may also consider whether the filing was made in "bad faith," as well as whether it was frivolous.  See Paul v. FNMA, 697 F.Supp. 547, 550-551 (D.D.C. 1988); LaFrance v. Georgetown Univ. Hosp., 1988 U.S. Dist. LEXIS 17514 at *16 (D.D.C. 1988); Blair v. U.S. Treasury Dept., 596 F.Supp. 273, 282 (N.D. Ind. 1984)(no Rule 11 sanction imposed where "subjective bad faith" absent); but see, e.g., Laverne Johnson Reynolds, supra, 357 F.Supp.2d at 23 (the test under Rule 11 is "an objective one"); Eastway Constr. Corp. v. New York, 762 F.2d 243 (2d Cir. 1985)(subjective good faith no longer precludes imposing sanctions under 1983 amendment to Rule 11).  Examples of sanctionable conduct where the Court could find bad faith are "dilatory" or "vexatious" tactics to "perpetuate litigation" or cause "needless" or "unnecessary" delay.  Paul, supra, 697 F.Supp. at 550-551.

Even if the absence of bad faith is not dispositive in a Rule 11 analysis, there is absolutely nothing in the Government's advocacy here that is sanctionable.  The Government's filings are characterizations of on-the-record pleadings and legal arguments that are well within the existing law.  See Blair v. U.S. Treasury Dept., 596 F.Supp. 273, 282 (N.D. Ind. 1984)(Court finds no Rule 11 sanctions where, even though the plaintiffs' arguments did "not prevail," they were not

"specious arguments long ago rejected by the courts" or "outrageous arguments."); <u>Cady v. South Suburban College</u>, 310 F.Supp.2d 997, 1001-2 (N.D. Ill. E.D. 2004)(mod. on other grounds 2005 U.S.App. LEXIS 23150 (7th Cir. Ill. Oct. 24, 2005))(Court refuses to apply Rule 11 sanctions simply because it disagrees with "characterizations" in motion to dismiss; this does "not even approach" sanctionable conduct); <u>Tekula v. Bayport-Blue School District</u>, 295 F.Supp.2d 224, 235 (E.D. NY 2003)(Court's denial of several contentions of defendant's motion to dismiss does not provide basis for Rule 11 sanctions).  Rather than the Government's filings, the Plaintiffs' sanction motion, itself, much more resembles a sanctionable filing in the District of Columbia.

### III.  MERITS OF THE GOVERNMENT'S POSITION

Plaintiff argues that he has not abandoned his FOIA claim because it is the subject of a separate lawsuit (Civil Action No. 07-481 (JR).  Mot. ¶¶ 5-6.  Assuming this to be true, it does not prove that undersigned counsel intended to mislead the Court when she noted in passing that the Plaintiff's amended complaint asserts a Privacy Act claim but does not assert a cause of action under FOIA.  Amended complaint.  The amended complaint does not contain the FOIA claim that was in the original complaint.  The fact that plaintiff asserted his FOIA claim in another lawsuit is immaterial to the issue of whether or not plaintiff abandoned it in the instant lawsuit.  Certainly Plaintiff does not have a right to simultaneously litigate the same cause of action in more than one federal district court.  *See e.g., Foster-el v. Beretta U.S.A. Corp.*, 163 F. Supp. 2d 67 (D.D.C. 2001); 14C WRIGHT & MILLER FEDERAL PROCEDURE & PROCESS, § 3739.

Plaintiff accused undersigned counsel of lack of due diligence.  Plaintiff points out that defendant has filed several motions to extend time to answer or otherwise respond to the amended complaint and asserts that undersigned counsel has failed to confer with agency counsel

and has failed to investigate the claims. Finally, plaintiff alleged that defense counsel's reason for needing additional time–lack of access to plaintiff's central file–is "a spurious excuse [interposed] for the purpose of delay." Mot. ¶ 7. The Court has found good cause for defendant's motions for extension and has granted the motions.

Plaintiff cites no legal authority to support his motion. He is not entitled to sanctions under Fed. R. Civ. P. 11(c) because he has failed to make the requisite showing under Fed. R. Civ. P. 11(b). Defendant has shown that its statement regarding abandonment of claims *in this case* is true. Amended complaint. Thus, defendant's position has factual support. *See* Fed. R. Civ. P. 11(b)(3). Moreover, defendant has demonstrated good cause for its requests to the satisfaction of the Court. Thus, plaintiff has failed to show that undersigned counsel intended to cause delay by seeking unnecessary extensions of time. *See* Fed. R. Civ. P. 11(b)(1). Subsections (b)(2) and (b)(4) of Rule 11 are not applicable to these circumstances (defenses not warranted by existing law; denials of factual contentions not warranted.)

## V. CONCLUSION

For all the foregoing reasons, the Court should deny Plaintiff's Motion for Rule 11 Sanctions.

Respectfully submitted,

__/s/_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


__/s/_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

      /s/_____
CHARLOTTE A. ABEL, DC Bar #488582
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
Tel: (202) 307-2332

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of September, 2007, a copy of the foregoing Defendant's Opposition to Plaintiff's Motion for Sanctions was mailed, postage prepaid, to plaintiff, pro se at the following address:

Kenneth Eugene Speight
#12471-014
POB 8000
Bradford, PA 16701

      /s/_____
CHARLOTTE A. ABEL, D.C. Bar #388582
Assistant United States Attorney
Judiciary Center Building
555 4th Street, NW
Washington, D.C. 20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KENNETH EUGENE SPEIGHT,** | ) |
| | ) |
|        **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 07-208 (RCL) |
| | ) |
| **FEDERAL BUREAU OF PRISONS,** | ) |
| | ) |
|        **Defendant.** | ) |

**O R D E R**

Upon consideration of Plaintiff's Motion for Rule 11 Sanctions and the Opposition thereto, it is on this _____ day of _____,

ORDERED: that Plaintiff's motion is denied.

_____
ROYCE C. LAMBERTH
United States District Judge