UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH EUGENE SPEIGHT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL BUREAU OF PRISONS, )<br>)<br>Defendant. )<br>) | Civil Action No. 07-208 (RCL) |

### DEFENDANT'S MOTION TO DISMISS

Comes now the Defendant, Federal Bureau of Prisons, by and through undersigned counsel, and respectfully moves, pursuant to Fed. R. Civ. P. 12 (b)(1) and (6), that the movant's complaint be dismissed for lack of subject matter jurisdiction and failure to state a claim under which relief can be granted.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

/s/
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

/s/
CHARLOTTE ABEL, DC Bar #388582
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH EUGENE SPEIGHT,          )
                                 )
            Plaintiff,           )     Civil Action No. 07-208 (RCL)
                                 )
      v.                         )
                                 )
FEDERAL BUREAU OF PRISONS,       )
_____  )
            Defendant.           )
_____  )

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT'S MOTION TO DISMISS

**I. INTRODUCTION**

This is an action brought by *pro se* prisoner Kenneth Eugene Speight. Mr. Speight is housed in the Western District of Pennsylvania. See Amended Complaint ¶ 3. Plaintiff asserts a cause of action under the Privacy Act, 5 U.S.C. § 552a. Amended Complaint ¶ 2. He claims that the defendant willfully and intentionally failed to maintain accurate records in his Central File which led to an adverse security classification. Amended Complaint. He demands that defendant expunge the erroneous classification and security designation data from his Central File and he seeks money damages. Amended Complaint ¶ 29. b & c.

Specifically, plaintiff claims that beginning in February 1998 and continuing through October of 2006, BOP staff deliberately entered and maintained false information in Plaintiff's

> file(s) for the purpose of effecting adverse security designation and custody classification determinations so as to justify housing Plaintiff in higher security prisons, and as a consequence of which, Plaintiff was unreasonably and repeatedly expose to the dangers attendant to being incarcerated with younger, violent prisoners, and resulting in Plaintiff being attacked and injured on multiple occasions.

2

Amended complaint ¶ 26.  In some instances, Plaintiff refers to his "Central File" as containing erroneous information.  Amended Complaint ¶¶ 6, 11, 15, 29.b.  Plaintiff also refers to his "custody classification file" (¶ 16), "classification records" (¶ 21), and "application to request transfer" (¶ 18) as containing erroneous information.

## II. STANDARD OF REVIEW FOR MOTION TO DISMISS

The standard to be applied in deciding a motion to dismiss is well-established.  For purposes of deciding whether a Plaintiff has failed to state a cause of action, the factual allegations of the complaint must be taken as true, and all ambiguities or doubts in the factual allegations must be resolved in favor of the pleader.  Caudle v. Thomason, 942 F. Supp. 635, 638 (D. D.C. 1996).  Despite this generous standard, the complaint still must set forth sufficient factual information to suggest that there exists some recognized legal theory upon which relief can be granted.  Id.  A court must dismiss a complaint where, even assuming all the factual allegations are true, Plaintiff has failed to establish a right to relief based upon those facts.  Id.

The plaintiff bears the burden of establishing the court's subject matter jurisdiction.  See Miller v. United States, 710 F.2d 656, 662 (10th Cir.), *cert. denied*, 464 U.S. 939 (1983); Baird v. United States, 653 F.2d 437, 440 (10th Cir. 1981), *cert. denied*, 454 U.S. 1144 (1982).  In deciding a motion under Rule 12(b)(1), the Court may go beyond the allegations of the Complaint.  See Land v. Dollar, 330 U.S. 731, 735 n. 4 (1947); Herbert v. National Academy of Sciences, 974 F.2d 192, 197-98 (D.C. Cir. 1992); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Bonterra America, Inc. v. Bestmann, 907 F. Supp. 4, 5 n.1 (D.D.C. 1995); Kuffel v. United States Bureau of Prisons, 882 F. Supp. 1116, 1120 (D.D.C. 1995).  Additionally, a court may properly take judicial notice of court records without converting a motion to dismiss into a

motion for summary judgment. E.g., Baker v. Henderson, 150 F.Supp.2d 17, 19 n. 1 (D.D.C. 2001) (""in determining whether a complaint fails to state a claim, the court may take judicial notice of matters of a general public nature, such as court records, without converting the motion to dismiss into one for summary judgment."); Himmelman v. MCI Communications, 104 F. Supp. 2d 1, 3 (D.D.C. 2000) ("[t]he court may consider [on a motion to dismiss] the allegations of the complaint, documents attached to or specifically referred to in the complaint, and matters of public record."). This is so because a motion under Rule 12(b)(1) "calls into question the court's power to hear the plaintiff's claim ... and therefore imposes upon courts an affirmative obligation to ensure that they are acting within the scope of their jurisdictional power." 5A Wright & Miller, Federal Practice & Procedure 2d § 1350; see also District of Columbia Retirement Bd. v. United States, 657 F. Supp. 428, 431 (D.D.C.1987). Accordingly, the Court need not limit itself to the allegations of the Complaint in deciding a 12(b)(1) motion. Instead, "the Court may consider the complaint supplemented by undisputed facts evidenced in the record ... plus the court's resolution of disputed facts." Herbert v. National Acad. of Sciences, 974 F.2d 192, 197 (D.C. Cir.1992).    A motion to dismiss under Rule 12(b)(6) should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In making determinations on a motion to dismiss under Rule 12(b)(6), a court must view facts alleged in the complaint in the light most favorable to the plaintiff. Id.; see also Nix v. Hoke, 139 F. Supp. 2d 125, 131 (D.D.C. April 2001) (citing, Weyrich v. The New Republic, Inc., 235 F.3d 617, 623 (D.C. Cir. 2001)), and Slaby v. Fairbridge, 3 F. Supp. 2d 22, 27 (D.D.C. 1998). In this case, Plaintiff fails to establish a right to relief on the claims asserted, even when accepting the facts he

alleges as true.

### III.  ARGUMENT

Section 552a(e)(5) of the Privacy Act requires that an agency maintain all records that it uses to make a determination about any individual with a level of accuracy, relevance, timeliness, and completeness that reasonably assures fairness to the individual in the determination.  The Privacy Act provides civil remedies at 5 U.S.C. § 552a(g) for violations of § 552a(e)(5) of the Act.  Section (g)(1)(C) provides that an individual may bring a civil action against an agency that does not maintain a recording relating to that individual with the level of "accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the ...rights, or opportunities of...the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual..."  Section (g)(4) provides for civil remedies if the plaintiff can show that  the agency willfully or intentionally failed to maintain a record which resulted in an adverse determination.

Plaintiff has the burden of proving that (1) a defective record (2) proximately caused (3) an adverse determination concerning the plaintiff and that (4) the agency acted in an "intentional or willful" manner.  In *Crawford-El v. Bureau of Prisons*, 1998 U.S. Dist. LEXIS 10700, at *6 (D.D.C. 1998), the court granted summary judgment to BOP based in part on the fact that the BOP has essentially unreviewable discretion as to the place of imprisonment.  Thus, plaintiff's alleged adverse determination – being placed in higher security prisons, ¶ 26 –  may be without merit.  Moreover, Plaintiff's security designation is part of the Inmate Central Records System and by regulation, the records in this system are exempted from the requirements of Privacy Act.  In addition, plaintiff has failed to meet his burden of proof to show that an "adverse

determination" resulted from the error. *Id*. Finally, there is no evidence that officials at BOP acted wilfully or intentionally by refusing to correct an error. *Id*.

     A. PLAINTIFF'S AMENDMENT CLAIM FOR EXPUNGEMENT MUST BE DISMISSED BECAUSE THE FEDERAL BUREAU OF PRISONS IS EXEMPT FROM THE AMENDMENT PROVISION OF THE PRIVACY ACT.

Even if the information in plaintiff's records were inaccurate, the BOP is exempt from the amendment provision of the Privacy Act. 5 U.S.C. § 552a(j)(2). 28 C.F.R. § 16.97. As provided in 5 U.S.C. 552a(j), "the head of any agency may promulgate rules, in accordance with the requirements (including general notice) of sections 553 (b)(1), (2), and (3), (c), and (e) of this title, to exempt any system of records within the agency from any part of this section except subsections (b), (c)(1) and (2), (e)(4)(A) through (F), (e)(6), (7), (9), (10), and (11), and (i) if the system of records is:

> (1) maintained by an agency or component thereof which performs as its principal function any activities pertaining to the enforcement of criminal laws, including police efforts to prevent, control, or reduce crime or to apprehend criminals, and the activities of prosecutors, courts, **correctional** [emphasis added], probation, pardon, or parole authorities, and which consists of . . .

28 C.F.R. § 16.97(a).

The D.C. Circuit Court held in *Sellers v. Bureau of Prisons*, 959 F.2d. 307, 309 (D.C. Cir. 1992), and reaffirmed in *Griffin v. Ashcroft*, 2003 WL 22097940, that the BOP system of records is exempt from the amendment provisions of the Privacy Act. *See also*, *Risley v. Hawk*, 108 F.3d 1396 (C.A.D.C. March 5, 1997) in which the court held that the BOP was

exempt from the Privacy Act provision requiring inaccurate files to be amended.  *Phillips v. Hawk*, 1999 WL 325487, *1 (D.C. Cir.) (citing *White v. United States Probation*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (per curiam); *Deters v. United States Parole Comm'n*, 85 F.3d 655, 658 n.2 (D.C. Cir. 1996)).  Thus, plaintiff is barred from seeking amendment of his Central File.  *Id*.

Until 2002, because the Bureau of Prisons had not been exempted from the accuracy provision of the Privacy Act, the Bureau of Prisons remained subject to civil actions under subsection (g)(1)(C) of the Act.  Sellers, 959 F.2d at 309 (allowing civil action against Bureau of Prisons because "regulations governing the Bureau of Prisons and U.S. Parole Commission do not exempt those agencies' records from section (e)(5) of the Act"); see also Deters v. U.S. Parole Comm'n, 85 F.3d 655, 657 (D.C. Cir. 1996) ("Subsection (g)(1)(C) provides a civil remedy if an agency fails to satisfy the standard in subsection (e)(5)").

In 2002, the Department of Justice published a regulation exempting certain Bureau of Prisons' record systems from the accuracy provision of the Privacy Act, § 552a(e)(5).  See 28 C.F.R. § 16.97.  The new regulation took effect on August 9, 2002.  Among the record systems newly exempted from the accuracy provision was the Bureau of Prisons's Inmate Central Records System.  The impact of the 2002 regulations on cases such as this one was recently recognized by the D.C. Circuit in Martinez v. BOP, 444 F.3d 620, 624 (D.C. Cir. 2006):

> [T]he district court properly dismissed appellant's claims against the BOP. The BOP has exempted its Inmate Central Record System from the accuracy provisions of the Privacy Act, 5 U.S.C. § 552a(e)(5). See 28 C.F.R. § 16.97(j). Appellant does not challenge the BOP's authority to exempt its records, and the BOP did not expressly waive the exemption.

Martinez, 444 F.3d at 624.

B.  PLAINTIFF'S PRIVACY ACT CLAIM IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.

Under the accuracy provision of the Privacy Act, claims must be brought within two years of the "date on which the cause of action accrues."  5 U.S.C. §552a(g)(1).  The two-year limitations period may only be tolled where there has been material and willful misrepresentation of information necessary to establish agency liability.  *Id*.; *Tijerina v. Walters*, 821 F.2d 789, 794 (D.C. Cir. 1987).

Plaintiff alleges that erroneous data was entered onto his record as early as 1998 which resulted in his misclassification with regard to his custody status.  Amended Complaint ¶ 6.  He further alleges that he discovered in 1999 that he had been improperly scored.  Amended Complaint ¶¶ 7, 8.  He alleges that a BOP employees made false representations from 1999, through 2005.  Amended Complaint ¶¶ 9-19.  Plaintiff filed his this action on January 30, 2006, but did not amend his complaint to assert his Privacy Act claim until May 10, 2007.  Plaintiff's claims described in the amended complaint all accrued before May 10, 2005 and are barred by the statute of limitations.

C.  PLAINTIFF FAILS TO STATE A CLAIM FOR MONEY DAMAGES UNDER THE PRIVACY ACT.

In order to prevail on a claim for money damages against the BOP under 5 U.S.C. § 552a(g)(1)(C) and (g)(4), for violation of subsection (e)(5) of the Privacy Act, a plaintiff must show (1) that he has been aggrieved by an adverse determination of the BOP; (2) that the BOP failed to maintain his records with the degree of accuracy necessary to assure fairness in that determination; (3) that the BOP's reliance on the inaccurate records was the proximate cause of

the adverse determination; and (4) that the BOB acted intentionally or willfully in failing to maintain accurate records. *See Deters v. U.S. Parol Commission*, 85, F.3d 655, 657-60 (D.C. Cir. 1996)(the fact that no parole hearing had yet been held to determine plaintiff's status did not constitute an "adverse decision", and the Commission's requirement of such a hearing did not qualify as "intentionally or willfully").[1]

The words "intentional" and "willful" in subsection (g)(4) do not have their vernacular meanings; instead, they are "terms of art." *White v. OPM*, 840 F.2d 85, 87 (D.C. Cir. 1988). The Privacy Act's legislative history indicates that this unique standard is "[o]n a continuum between negligence and the very high standard of willfull, arbitrary, or capricious conduct," and that it "is viewed as only somewhat greater than gross negligence." 120 Cong. Rec. 40, 406 (1974), *reprinted in* Source Book at 862. While not requiring premeditated malice, *see Parks v. IRS*, 618 F. 2d 677, 683 (10th Cir. 1980), the voluminous case law construing this standard makes clear that it is a formidable barrier for a plaintiff seeking damages. *Deters v. United States Parole Comm'n*, 85 F.3d 655, 660 (D.C. Cir. 1996)(Parole Commission did not ""flagrantly disregard'" plaintiff's privacy when it supplemented his file with rebuttal quantity of drugs attributed to him in presentence investigation report (PSI) and offered inmate hearing concerning accuracy of disputed report and '[e]ven if the Commission inadvertently or negligently violated [plaintiff's] Privacy Act rights by not examining the accuracy of the PSI before preparing a preliminary assessment...such a violation (if any) could in no sense be deemed 'patently egregious and unlawful'"). The type of conduct required by the agency to be willful and

---

[1] In addition, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(7)(e).

intentional is "either committing the act without grounds for believing it to be lawful, or...flagrantly disregarding others' rights under the Act." *Albright v. U.S.*, 732 F.2d 181, 188 (D.C. Cir. 1984).

    Here the plaintiff fails to state a cause of action under the Privacy Act because although he uses the words "deliberate", "intentional" and "willful" in a conclusory fashion to describe conduct by BOP staff, his description of the conduct itself falls short of meeting the standard of "intentional" and "willful" violations of the Privacy Act. For instance, plaintiff alleges that "BOP employee, Dr. Gilbertson, entered classification data into Plaintiff's 'Central File' falsely indicating that drug abuse contributed to the offense for which Plaintiff was incarcerated....As a consequence of this erroneous information, Plaintiff was restricted to the lowest pay grade at his prison job, and given an adverse score on his custody classification." Amended complaint, ¶ 6. Elsewhere Plaintiff alleges that "M. Picerno admitted ... that plaintiff had been improperly scored as to custody classification..." Amended complaint, ¶ 8. Plaintiff then concedes that the erroneous Public Safety designation was removed on October 1, 1999. *Id.* Such descriptions of the conduct by BOP staff do not rise to the level of a Privacy Act violation as a matter of law.

## CONCLUSION

    Wherefore, for each of the independent reasons set forth above, the Defendant's motion to dismiss should be granted.

Respectfully submitted,


\_\_\_/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


\_\_\_/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


\_\_/s/_____
CHARLOTTE A. ABEL D.C. Bar # 388582
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 Fourth Street, NW
Washington D.C.   20530
(202) 307-2332

## **CERTIFICATE OF SERVICE**

I certify that the foregoing Motion to Dismiss, accompanying Memorandum in support thereof and proposed order were served upon plaintiff on this 25th day of September by depositing a copy in the U.S. Mail, first class postage prepaid, addressed to:

Kenneth Eugene Speight
#12471-014
POB 8000
Bradford, PA 16701

    /s/
CHARLOTTE A. ABEL, D.C. Bar # 388582
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 Fourth Street, NW
Washington D.C.   20530
(202) 307-2332

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH EUGENE SPEIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-208 (RCL) |
| | ) |
| | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## O R D E R

Upon consideration of Defendant's Motion to Dismiss the Amended Complaint, it is on this _____ day of _____,

ORDERED: that Defendant's Motion is GRANTED. It is

FURTHER ORDERED: that the Amended Complaint is Dismissed with Prejudice.

_____
ROYCE C. LAMBERTH
United States District Judge