UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
NOV 1 - 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

KENNETH EUGENE SPEIGHT,
    Plaintiff,

-vs-                            Civil Number 1:07-cv-208(RCL)

FEDERAL BUREAU OF PRISONS,
    Defendant.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

The Defendant has moved to dismiss the instant action pursuant to Fed.R.Civ.P. 12(b)(1) and (6), citing as grounds that: A) Bureau of Prisons is exempt from the amendment provisions of the Privacy Act; B) the claim is barred by statute of limitations; C) the allegations fail to state a claim for money damages under the Privacy Act. MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS. The Defendant challenges the Plaintiff's standing to bring this action arguing that, the "BOP has essentially unreviewable discretion as to the place of imprisonment." Id. p.5. The Defendant misapprehends the facts of this case, and for reasons as set forth herein, the motion to dismiss must be denied.

**LEGAL STANDARD**

On motion to dismiss, the court must determine whether the complaint is legally sufficient. Ryder Energy Dist. Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 92d Cir. 1984). The court must accept all factual allegations of the complaint as true and construe all inferences in the light most favorable to the plain-

tiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The motion must be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitle him to relief. Hughs v. Rowe, 449 U.S. 5, 9-10 (1976). Allegations of pro se complaint are to be liberally construed as, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S 519, 520 (1972).

To state a claim for money damages under the Privacy Act, a plaintiff must assert that an agency failed to maintain accurate records, that it did do intentionally or willfully, and consequently, that an adverse determination was made respecting the plaintiff. Toolasprashad v. Bureau of Prisons, 286 F.3d 576, 583 (D.C. Cir. 2002).

The Privacy Act's statute of limitations is subject to equitable tolling, which "applies most commonly when the plaintiff 'despite due dilligence...is unable to obtain vital information bearing on the existence of his claim.'" Chung v. Dept. of Justice, 333 F.3d 273, 278 (D.C. Cir. 2003) quoting Currier v. Radio Free Europe, 159 F.3d 1363, 1367 (D.C. Cir. 1998). See also Tijerina v. Walters, 821 F.2d 789, 798 (D.C. Cir. 1987) (the Privacy Act's statute of limitations begins when the plaintiff knew or had reason to know of the alleged violation).

Prison administrators are under an obligation to take reasonable measures to guarantee the safety of inmates. Hudson v. Palmer, 468 U.S. 517, 526-27 (1984). Prisoners have a right to be protected from violence at the hands of other inmates. Farmer v. Brennan, 511 U.S.

825, 834 (1994). The Bureau of Prisons' "discretion" is not absolute. See Bryant v. Carlson, 489 F. Supp. 1075, 1081 (M.D.Pa. 1079) (legal limitation of governmental discretion in prison administration is the essence of a liberty interest), holding that regulations of the BOP clearly limits the designation of inmates. Also see Gullatte v. Potts, 654 F. 2d 1007, 1012 (5th Cir. 1981) ( a prisoner has a right to be protected from the constant threat of violence); and Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985) (inmate's right to be protected from constant threat of violence and sexual assault from other inmates does not require that he wait until he is actually assaulted before obtaining relief). Furthermore, abusive or capricious action in classifying a prisoner may violate due process. See Marchesani v. McCune, 531 F.2d 459, 462 (10th Cir. 1976).

Although, there subsection which permits an agency to exempt systems of records from requirements set out in other provisions of the privacy Act, it does not permit the agency to exempt itself from the civil liability provisions of the Act. Tijerina v. Walters, 821 F.2d at 795.

## DISCUSSION

The instant Complaint alleges that, upon entering the BOP in 1998, the Plaintiff was initially scored improperly for classification purposes. ¶¶ 7 and 8. He was a "low" security prisoner but, BOP officials intentionally made false representations to support classification determinations not to place the Plaintiff in a low-security prison. ¶ 9. BOP officials continued to intentionally enter and maintain false data and records which were used or relied upon to

support determinations to place the Plaintiff in medium security facilities. ¶¶ 11-16.

The Complaint further alleges that: in January 2005, BOP employees "re-entered" the false data which had been the basis for initial improper scoring in 1998, into the Plaintiff's classification file, and falsely entered data indicating that the Plaintiff was serving a sentence which he had discharged two (2) years prior, and recharacterized the offense in order to raise his security and custody level. ¶¶ 16 and 19. The Plaintiff made repeated inquiries regarding the basis for his custody increase. ¶ 20.

The Complaint plainly alleges that the BOP failed to maintain accurate records. It clearly states that, BOP employees knowingly entered false information which they had reason to know was false. Evidence that BOP employees acted intentionally or willfully is that, some one(s) of them made a counterfeit withdrawal of the Plaintiff's administrative remedy request and made a forgery of his signature. ¶¶ 22-25.

The Complaint alleges that, the Plaintiff was put at risk by being placed in high security facilities with violent prisoners. ¶ 26. Soo Doe v. District of Columbia, 701 F.2d 948, 951 (D.C. Cir. 1983) (Prisoner setting is, at best, tense. It is sometimes explosive, and always potentially dangerous). In the case of Plaintiff, he was attacked and suffered serious injuries on multiple occasions. ¶ 26.

The Defendant's argument that the Plaintiff is barred by the statute of limitations is frivolous. The Privacy Act statute provides in relevant part that:

> "An action to enforce any liability under this section may be brought...within two years from the date on which the cause of action arises, except that where an agency has materially and willfully misrepresented any information required under this section to be disclosed to an individual and the information so misrepresented is material to establishment of of the liability of the agency to the individual under this section, the action may be brought at any time within two years after discovery by the individual of the misrepresentation."

5 USC § 552a(g)(5).

The Complaint alleges that, between June 2005 and June 2006, the PLaintiff engaged in efforts to determine the facts of his adverse custody determinations. ¶¶ 20-22. Also, the BOP's employees engaged in activity intended to foreclose the Plaintiff's efforts in that regard. See Pope v. Bond, 641 F. Supp. 489, 499-500 (D.D.C. 1986) (the plaintiff must know or have reason to know that the Privacy Act violation exists).

In February 2005, the Plaintiff became aware of the § 4042(b) "violence" entries to his file after Program Review with Foura and Sims, and requested that the erroneous information be corrected. Defendant's employee Foura failed to respond until Plaintiff made a second request in March 2005 when she indicated the information would be corrected. On June 13, 2005, the Plaintiff was transferred to USP Allenwood, and there, discovered the Public Safety Factor of Greatest Severity and that, his custody level had been raised to +18 "high" security. The Plaintiff became aware of the false record relied upon when he obtained disclosures through Freedom of Information Act requests made in June 2005 and August 2006.

In September 2006, the Plaintiff made request to correct the er-

roneous records. On September 29, 2006, the Plaintiff filed an administrative grievance BP-9. On October 4, 2006, he was transferred to FCI McKean. On October 25, 2006, the Plaintiff received the BP-9 grievance form in the mail. There was no response from the Warden. However, a photocopy of the BP-9 form was attached to the original which contained a note claiming to "withdraw" the complaint, and with a forgery of the Plaintiff's signature written on it.

The Plaintiff became aware of the false records relied upon to impose the adverse classification determinations in June 2005 and August 2006. The Defendant's employees repeatedly engaged in willful misrepresentation of information "material to establishment of [ ] liability of the agency." Therefore, the statute of limitations under the Privacy Act, in this case, does not begin to count its two year time until at least June 2005. The instant Complaint was filed in January 2007, well within the applicable time.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Defendant's motion to dismiss the instant action should be denied.

Dated: October 23, 2007

                              Respectfully Presented,

                              Kenneth Eugene Speight
                              c/o P.O. Box 8000
                              Bradford, Pennsylvania
                                        [16701]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH EUGENE SPEIGHT,
    Plaintiff,

-vs-                                    Civil Number 1:07-cv-208(RCL)

FEDERAL BUREAU OF PRISONS,
    Defendant.

## PROOF OF SERVICE

I, Kenneth Eugene Speight, attest and affirm that a true and correct copy of the Plaintiff's Opposition To Defendant's Motion To Dismiss, was sent via first class mail by presenting to corrections officials at FCI McKean for processing to the U.S. Postal Service on October 29, 2007, to:

Charlotte A. Abel, Esq.
Office of the U.S. Attorney
555 4th Street, N.W.
Washington, D.C. 20530

                                                    Kenneth Eugene Speight
                                                    c/o P.O. Box 8000
                                                    Bradford, Pennsylvania
                                                                [16701]