UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
NOV 1 - 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

KENNETH EUGENE SPEIGHT,
    Plaintiff,

-vs-                        Civil Number 1:07-cv-208(RCL)

FEDERAL BUREAU OF PRISONS,
    Defendant.

PLAINTIFF'S REPLY
TO DEFENDANT'S OPPOSITION TO RULE 11 MOTION

    Plaintiff, Kenneth Eugene Speight, has moved the Court pursuant to Rule 11, Fed. R. Civ. P., to sanction counsel for the Defendant in this matter. The Defendant's counsel has filed a brief in opposition in which she reiterates her false and frivolous claims that are the source of misconduct warranting sanction.

    Rule 11, Federal Rules of Civil Procedure, imposing an affirmative duty upon attorneys and unrepresented parties. See <u>Corp. of Pres. Bishop of Church of Jesus Christ of Latter-Day Saints v. Associated Contr.</u>, 877 F.2d 938 (11th Cir. 1989) (Rule 11 imposes obligation on counsel at time papers are filed in District Court, but does not impose continuing duty to amend previous pleadings when their factual or legal basis dissolves, however, once incorrectness of fact stated in pleadings is revealed, such incorrect statement cannot be asserted again in later motion). Rule 11 expressly provides that: "...factual contentions have evidentiary support or,...are likely to have evidentiary support after a reasonable opportunity for further investiga-

1

tion..."

In the case at bar, counsel has repeatedly made the false assertion in motions for enlargement of time that, the instant action was originally filed as a Freedom of Information Act complaint, and that, the Plaintiff subsequently "abandoned" that claim and filed the instant Amended Complaint. In fact, the instant Complaint has always been a claim under the Privacy Act. Indeed, the Defendant's counsel is, or has reason to be, well aware of the fact. The instant was filed on January 30, 2007. Service of Summons and Complaint were effected upon counsel on April 3, 2007. Even if counsel had "lost" the original Complaint, or otherwise were unable to examine it for verification, a mere review of document number "1" in the Docket of this case would have revealed that the assertion that this action was originally an FOIA claim was/is in error.

The fact that counsel now wants to persist in the false assertion, which can be readily verified, and should have been verified pursuant to Rule 11 obligation, is a clear indication of bad faith. Under the circumstances where counsel has to know that this matter was never filed as an FOIA claim, and that **no** claim has been "abandoned," or if counsel did not know, should have taken reasonable measures to make a factual determination, and yet appears to have failed to do so, such conduct must be viewed as intentional and improper purpose. Also, counsel has failed to present a copy of the FOIA complaint which she insists was the original filing in this case.
The Court is respectfully requested to have the Clerk provide it with a copy of document number 1 in the Docket of this action which will be

more substantive evidence of the truth in this contention than what might be provided by either the Plaintiff or counsel.

Counsel for the Defendant has engaged in motion abuse and misconduct which warrants reprimand. For the reasons as stated herein and in the Plaintiff motion on this issue, the Plaintiff respectfully requests that the Motion be granted.

Dated: October 29, 2007

Respectfully Presented,

Kenneth Eugene Speight
c/o P.O. Box 8000
Bradford, Pennsylvania
[16701]

## PROOF OF MAILING

I, Kenneth Eugene Speight, attest and affirm that a true and correct copy of the foregoing was sent via first class mail on October 30, 2007, by presenting to officials at FCI McKean for mailing to:

Charlotte A. Abel, Esq.
555 4th Street, N.W.
Washington, D.C. 20530

Kenneth Eugene Speight