UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH EUGENE SPEIGHT,
          Plaintiff,

-vs-                              Civil Number 1:07-cv-281(RCL)
                                  07-208 (RCL)

FEDERAL BUREAU OF PRISONS,
          Defendant.

### SUPPLEMENT TO MOTION TO SANCTION DEFENSE COUNSEL UNDER RULE 11

Plaintiff hereby supplements his motion to sanction opposing counsel under Rule 11 due to on-going, improper conduct and continuing, willful misrepresentation intended to harass and annoy, and to needlessly extend and frustrate the litigation process.

Rule 11 imposes on any party who signs a document submitted to the court an affirmative duty to conduct a reasonable inquiry into the facts and law before filing. Business Guides, Inc. v. Chromatic Communication Entertainment, 498 U.S. 533, 543 (1991). The presence of a signature obligates the signer to certify that he or she has conducted a reasonable inquiry and has determined that any papers filed with the court are factually well-grounded. See Pavelic & LeFlore v. Marvel Enter. Gp., 493 U.S. 120 (1989). Also, Printing Co., Inc. v. New York Typo. Union No.6, 886 F. Supp. 34 (SDNY 1995) (sanctionable improper purpose is found where counsel has acted to delay or needlessly increase litigation); and Dodson v. Runyon, 957 F. Supp. 465 (SDNY 1997) (attorney's attempt to deflect from his own role in delaying case by misrepresenting to court reasons why case

1

RECEIVED
FEB 2 7 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

had languished was disingenuous and deceitful, such that Rule 11 sanctions was warranted).

1. This action was filed on January 30, 2007 as shown by the initial recording on the docket. The Defendant's counsel persists with the false inference that the action began as other than a Privacy Act complaint. (Defendant's Opposition, p. 6). However, counsel has failed to produce, and can not produce, a complaint filed in this case on any other cause that the Privacy Act claim.

2. Counsel has failed to properly comply with Rule 5 regarding service of pleadings and papers on the opposing party. Counsel has filed Defendant's Opposition to Plaintiff's Motion for Summary Judgment, and stated on certificate of service that such service was made on February 4, 2008. In fact, the Plaintiff was not provided with the Defendant's opposition papers until February 14, 2008.

3. Defendant's Opposition to Plaintiff's Motion for Summary Judgment, includes a document titled Statement of Genuine Facts. In said statement, reference is made to "Attachments 1, 4, 5, and 6. However, counsel failed to provide Plaintiff with copy of any attahcments to Defendant's statement opposing papers.

Defendant's Counsel's continuing misconduct warrants sanction.

Respectfully Presented,

Kenneth Eugene Speight
c/o P.O. Box 8000
Bradford, Pennsylvania
[16701]

## PROOF OF MAILING

I, Kenneth Eugene Speight, hereby attest and affirm that a true and correct copy of the foregoing Supplemental Motion for Sanctions, was sent via first class mail by presenting to corrections officials for processing on February 21, 2008, to:

Charlotte A. Abel, AUSA
Office of the U.S. Attorney
555 4th Street, N.W
Washington, D.C. 20530

Kenneth Eugene Speight
c/o P.O. Box 8000
Bradford, Pennsylvania
[16701]