UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH EUGENE SPEIGHT,
    Plaintiff,

-vs-                                    Civil Number 1:07-cv-208(RCL)

FEDERAL BUREAU OF PRISONS,
    Defendant.

**MOTION TO SUPPLEMENT COMPLAINT**

COMES NOW, the Plaintiff, Kenneth Eugene Speight, and moves the Court pursuant to Rule 15(d), Fed.R.Civ.P., for leave to supplement the Complaint in this action.

In support of this motion the Plaintiff states that, the supplemental bill sets forth facts subsequently occurring which justify other or further relief with respect to the same subject matter as presented in the original Complaint. Furthermore, the Defendant will not be prejudiced, nor will the supplemental pleading cause a needless delay in proceedings.

WHEREFORE, the Plaintiff respectfully requests this motion be granted.

Dated: June 9, 2008

Respectfully Presented,

/s/ Kenneth Eugene Speight
Kenneth Eugene Speight
c/o P.O. Box 8000
Bradford, Pennsylvania
[16701]

**RECEIVED**
JUN 1 6 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA


KENNETH EUGENE SPEIGHT,
      Plaintiff,


-vs-                                  Civil Number 1:07-cv-208(RCL)


FEDERAL BUREAU OF PRISONS,
      Defendant.


M E M O R A N D U M   I N   S U P P O R T   O F
M O T I O N   T O   S U P P L E M E N T
C O M P L A I N T

PURSUANT TO F.R.C.P., RULE 15(d)


                                            Presented By:

                                            Kenneth Eugene Speight
                                            c/o P.O. Box 8000
                                            Bradford, Pennsylvania
                                                               [16701]

The Plaintiff seeks leave of the Court to supplement pleadings in the instant case, pursuant to Federal Rules of Civil Procedure, Rule 15(d).

The purpose of Rule 15(d) is to promote as complete adjudication of dispute between parties as possible by allowing addition of claims which arise after initial pleadings are filed. William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 668 F.2d 1014 (9th Cir. 1981). Application for leave to file supplemental pleading, like application for leave to amend complaint, is addressed to the sound discretion of the court, and should be freely granted where doing so will promote justiciable disposition of the case, will not cause undue prejudice or delay or trial inconvenience. Bates v. Western Electric, 420 F.Supp. 521 (EDPa 1976).

The threshold consideration for a district court faced with a motion to supplement the complaint is whether the supplemental facts connect the supplemental pleading to the original pleading. Weeks v. New York State (Div of Parole), 273 F.3d 76 (2d Cir. 2001). Supplemental complaint should be allowed in the interest of judicial economy and speedy disposition of a case, if defendant is not prejudiced, as where its rights on merits are well protected by trial on supplemental complaint as by trial in a new action. Freidman v. TYphoon Air Conditioning, 31 FRD 287 (EDNY 1962).

The fact that supplemental pleadings introduce a new cause of action not alleged in the original complaint should not bar their introduction, in view of the wording of Rule 15(d), especially where violations alleged in the pleading pleadings do not create surprise

nor prejudice rights of defendants, in as much as they are continuations of same violations alleged in original complaint. <u>Montgomery Environmental Coalition v. Fri</u>, 366 F. Supp 261 (DCDC 1973). Absent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleadings, or futility, motion to serve supplemental pleading should be freely granted. <u>Quaratino v. Tiffany & Co.</u>, 71 F.3d 58 (2d Cir. 1995).

In the case at bar, the Defendant's employees have persisted in the practice and custom of willfully maintaining false or inaccurate records, and then, relying upon such false or inaccurate records to make determinations which adversely affect the Plaintiff. The allegations in the proposed supplemental pleadings "are continuations of same violations alleged in original complaint." In as much as said "violations" have caused the Plaintiff new or continuing injury, leave to serve the proposed pleadings should be granted, in the interest of complete adjudication of the dispute and to promote justiciable disposition of the case.

WHEREFORE, the Plaintiff respectfully requests that his Motion for leave to supplement Complaint be granted.

Dated: June 10, 2008

Respectfully Presented,

_____
Kenneth Eugene Speight
c/o P.O. Box 8000
Bradford, Pennsylvania
[16701]

3

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

KENNETH EUGENE SPEIGHT,
    Plaintiff,

-vs-                                    Civil Number 1:07-cv-208(RCL)

FEDERAL BUREAU OF PRISONS,
    Defendant.

### PROOF OF MAILING

I, Kenneth Eugene Speight, hereby attest and affirm that a true and correct copy of Motion for leave to supplement complaint, accompanying Memorandum in support, and proposed Supplemental Complaint, were sent via first class mail on June 12, 2008, by presenting to corrections officials at FCI McKean for prossessing, to:

Charlotte A. Abel, AUSA
Office of the U.S. Attorney
555 4th Street, N.W.
Washington, D.C. 20530

_____
Kenneth Eugene Speight
c/o P.O. Box 8000
Bradford, Pennsylvania
        [16701]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH EUGENE SPEIGHT,
        Plaintiff,

-vs-                                           Civil Number 1:07-cv-208(RCL)

FEDERAL BUREAU OF PRISONS,
        Defendant.             **JURY TRIAL DEMANDED**

### SUPPLEMENTAL COMPLAINT

The Plaintiff files this Supplemental Complaint due to the continued policy by the Defendant of willfully maintaining inaccurate records upon which it makes adverse determinations regarding the Plaintiff.

**I.  JURISDICTION**

1. Jurisdiction is founded on a federal question arising under the Constitution and laws of the United States, 28 U.S.C. § 1331.

2. The action further arises under 5 U.S.C. §§ 552a et seq, and 702 et seq.

**II.  PARTIES**

3. The Plaintiff, Kenneth Eugene Speight, is a prisoner in federal custody, currently incarcerated at Federal Corrections Institution, McKean, Bradford, Pennsylvania.

4. Federal Bureau of Prisons is an "agency" within the meaning of 5 U.S.C. § 551(1): its principle offices are located at 320 First Street, N.W., Washington, D.C.

**III. STATEMENT OF SUPPLEMENTAL FACTS**

5. The Bureau of Prisons (BOP) has persisted in maintaining the

1

inaccurate information in the "Security Designation Data Form, BP-337, which was first promulgated on January 26, 1998. The BOP refuses to correct the false data, and continues to rely upon it to make determinations which have and continue to adversely affect the Plaintiff.

6. BOP official, Case Manager Keith Stauffer, prepared a "Program Review Report," in which he falsely entered that the Plaintiff "refused to appear" for a Program Review on May 10, 2007. In fact, the Plaintiff was never provided notice there was to be a Program Review on that date.

7. CM Stauffer further entered that the Plaintiff "refused to participate" in the "Inmate Financial Responsibility Program," (IFRP).

8. On August 1, 2007, CM Stauffer prepared a "Male Custody Classification Form," BP-338, in which he falsely entered that the Plaintiff had "drug/alcohol abuse" in the preceding five (5) years.

9. CM Stauffer entered on the same BP-338 that the Plaintiff had "poor" living skills.

10. The Plaintiff made administrative remedy request to correct the false information. The BOP Northeast Regional Office responded that, unit team determined the Plaintiff had "poor safety, sanitation, personal hygiene and negative interaction with staff/peers. However, each member of the unit team expressly and vehemently denied making such accusation. The BOP Central Office adamantly maintained the false record.

11. On September 5, 2007, CM Stauffer prepared a "PROGRESS REPORT"

which incorrectly states that the Plaintiff's "current offenses" are "firearms charges." The Report shows that the Plaintiff was found guilty and sanctioned twice in 1995 for fighting and in 1996 for possessing intoxicants. Altogether, the Report states that the Plaintiff received five (5) disciplinary sanctions between November 1994 and September 1996. However, the Plaintiff was not incarcerated in the BOP in 1994, 1995 or 1996. The Plaintiff only entered BOP custody in February 1998.

12. On November 1, 2007, the Plaintiff was notified during Program Review with CM Stauffer that the unit team would not recommend the Plaintiff's placement in Community Release for the last six months of his sentence, and would recommend placement for 30-60 days.

13. The stated basis for this determination was that the Plaintiff had "refused" to participate in the IFRP.

14. The Plaintiff made request to correct the record as to the fact that he had not "refused" to participate, and was not refusing to participate in the IFRP.

15. The BOP produced documentation of the Plaintiff's purported refusal which showed it had been prepared at USP Allenwood on June 10, 2005, and was not signed by the Plaintiff. In fact, the Plaintiff was only transferred to USP Allenwood on June 13, 2005.

16. On July 7, 2006, while at USP Allenwood, the Plaintiff entered into an IFRP agreement. However, the Plaintiff had been restricted since February 2004, to $5.25 per month pay. Irrespective of his prison job assignment, the Plaintiff had not been allowed to receive

3

more than $5.25 per month pay. Notwithstanding the fact that the Plaintiff had not been receiving outside financial support, BOP officials abused their discretion and arbitrarily placed the Plaintiff in "REFUSE" status for not having money to make the required $25.00 quarterly payment.

17.    BOP staff policy and practice had been to place the Plaintiff on refuse status when he didn't have the funds in his account to make payments, regardless of the reason for the lack of funds and without investigating to make factual determination and at the same time, restricted the Plaintiff's earning potential so as to insure that he would lack the funds to make payments.

**IV.  CAUSE OF ACTION**

18.    Paragraphs 1 through 17 are realleged as if fully set forth here.

19.    The BOP willfully maintained the false and inaccurate records alleging the Plaintiff "refuse" to participate in the IFRP, and used such false record to punish or penalize the Plaintiff by not allowing him to earn performance pay above minimum maintenance, and further used such false record to make determination which adversely affected the Plaintiff to punish him by not allowing his placement in Community confinement for last six months of his sentence.

20.    The BOP willfully maintained false and inaccurate records in Security Designation Data Forms, Custody Classification Forms, Program Review Reports, and Progress Reports, and relied upon said false and inaccurate records to make determinations which adversely affected the Plaintiff by restricting his Community Release place-

ment to less than the last six months of his sentence.

## V. REQUESTED RELIEF

21.   WHEREFORE, the Plaintiff requests the Court grant the following relief:

    a.   That judgment be entered against the Defendant;

    b.   That Plaintiff be awarded damages in the amount of $100,000.00 in addition to the amount sought as relief requested in the original Complaint;

    c.   Award for cost of this action and reasonable attorney fees;

    d.   Plaintiff requests jury trial as provided in FRCivP, Rule 38;

    e.   Such other and further relief as the Court may deem just and proper.

Dated: June 9, 2008

Respectfully Presented,
/S/ KENNETH EUGENE SPEIGHT

By: Kenneth Eugene Speight
c/o P.O. Box 8000
Bradford, Pennsylvania
[16701]

## DECLARATION

I, Kenneth Eugene Speight, hereby declare and affirm, under the penalty of perjury, pursuant to 28 USC § 1746, that the foregoing is true and correct to the best of my knowledge and understanding, on this 9th day of June 2008.

Kenneth Eugene Speight

5