UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KENNETH EUGENE SPEIGHT,<br>    Plaintiff<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS,<br>    Defendant | Civil Action No.<br>1:07cv00208 RCL |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO SUPPLEMENT COMPLAINT**

I.  Background

    This action was initiated by the filing of the Complaint on January 30, 2007.  In the Complaint, Plaintiff, an inmate in federal custody, asserted a cause of action against the Bureau of Prisons for violations of the Privacy Act, 5 U.S.C. sec. 552a.  He alleged that from 1998 through 2006, BOP officials deliberately maintained false information in Plaintiff's file so as to adversely affect his custody classification.  According to the plaintiff, this resulted in his assignment to a higher security prison leading to a higher risk of injury.  Complaint, para. 25.

    On May 10, 2007, before Defendant answered the Complaint, Plaintiff filed an Amended Complaint.  [Dk. #

8]. In the Amended Complaint, he made minor modifications to the original Complaint in addition to adding a new paragraph 25. Defendant moved to dismiss the Amended Complaint [Dk. # 17]. Plaintiff opposed Defendant's motion [Dk. # 20] and moved for Summary Judgment [Dk. # 22]. Defendant opposed Plaintiff's Motion for Summary Judgment [Dk. # 28].

Plaintiff moved to supplement the Amended Complaint more than four months later on June 16, 2008. In the Supplemental Complaint, which Plaintiff attached to his motion, he includes allegations concerning his refusal to participate in an Inmate Financial Responsibility Program, BOP's refusal to permit him to earn more than minimum pay for performance, and refusal to allow his placement in a halfway house for the last six months of his sentence. Supp. Compl. Para. 19.

II. Applicable legal standard for supplemental pleadings

Rule 15(d) of the Federal Rules of Civil Procedure provides:

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrence or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the

>supplemental pleading it shall so order, specifying the time therefore.

The decision whether to allow supplemental pleading is within the discretion of the trial court after consideration of "all the relevant facts and circumstances [citations omitted]." Friedman v. Typhoon Air Conditioning Co., 31 F.R.D. 287, 289 (E.D.N.Y 1962). In deciding whether to allow supplemental pleading, a district court should consider whether supplementation will "promote the economic and speedy disposition of the entire controversy between the parties," or will cause "undue delay or trial inconvenience." Hall v. CIA, 437 F.3d 94, 101 (D.C. Cir. 2006). "Delay and prejudice are precisely the matters to be addressed in considering whether to grant motions for supplemental pleadings . . . " Id. at 101.

Courts have denied leave to file a supplemental pleading when granting leave would cause delay or prejudice to one or more parties or when the movant has attempted to add defendants or bring new claims unrelated to the original claims. Wilson v. Gipson, 1995 WL 476695, at *2 (N.D.Ind.)(collecting cases.) In addition, leave to file supplemental pleadings has been denied where the claim could have been brought as a new separate civil action.

<u>Planned Parenthood of Southern Arizona v. Neely</u>, 130 F. 3d 400, 402 (9th Cir. 1997).

III.  Argument

    The plaintiff asserts that defendant will not be prejudiced by the filing of a Supplemental Complaint, and that the filing of a Supplemental Complaint will not cause delay.  In fact, the case has been fully briefed since February 4, 2008 and is ripe for decision.  Plaintiff does not address how the new issues that he is attempting to raise will be briefed without causing delay and disruption to the current schedule.

    The plaintiff asserts that the impact of the supplementation is minimal, but in fact, the supplemental complaint alters the entire complexion of the lawsuit.  Supplemental Complaint.  Plaintiff's initial Complaint involved mostly allegations of inaccurate records dating back to 1998, during his time at the Federal Correctional Institution ("FCI") at Ray Brooks, his transfer to FCI Allenwood and his transfer to United States Penitentiary Allenwood, all essentially having to do with his security and designation data form.  His Supplemental Complaint includes more recent alleged actions by staff at FCI McKean having to do with his progress reports and halfway house

4

placement.[1]  The newest allegations involve separate decisions and documents that do not relate to the crux of his initial Complaint (his security and custody classification form and transfer), and adds new facts (Financial Responsibility Program refusal status, failure to attend/participate in meetings or programs at FCI McKean, and other alleged errors by staff at FCI McKean) regarding newly created documents.  He could have challenged these actions/documents in a separate lawsuit.

IV.  Conclusion

Plaintiff's motion for leave to file a Supplemental Complaint should be denied.  In the alternative, defendant should be granted sixty days to plead in response to plaintiff's Supplemental Complaint.

Respectfully Submitted,

\_\_/s/_____
JEFFREY A. TAYLOR
D.C. Bar No. 498610
United States Attorney


\_\_/s/_____
RUDOLPH CONTRERAS
D.C. Bar No. 434122
Assistant United States Attorney

---

[1] Plaintiff is scheduled for release from custody on September 16, 2008.

```
_/s/_____
CHARLOTTE A. ABEL
D.C. BAR #388582
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-2332
```

**CERTIFICATE OF SERVICE**

    I certify that the foregoing Opposition to Plaintiff's Motion for Leave to Supplement Complaint and proposed order were served upon plaintiff on this 24th day of July by depositing a copy in the U.S. Mail, first class postage prepaid, addressed to:

Kenneth Eugene Speight  
c/o Watkinson House  
136 Collins Street  
Hartford, Conn.  06105

                                                /s/  
                                           CHARLOTTE A. ABEL  
                                           Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KENNETH EUGENE SPEIGHT,<br>    Plaintiff<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS,<br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.<br>1:07cv00208 RCL |

### ORDER

For the reasons stated in Defendant's Memorandum In Opposition to Motion for Leave to File Supplemental Complaint, the Court denies the plaintiff's Motion for Leave to File a Supplemental Complaint.

ORDERED,

_____
LAMBERTH, J.