United States District Court
For The District of Columbia

**RECEIVED**

AUG 4 - 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

KENNETH EUGENE SPEIGHT,

Plaintiff,

—vs—

Case Number 1:07-cv-208 RCL

Federal Bureau of Prisons,

Defendant.

## REPLY TO DEFENDANT'S BRIEF
## OPPOSING PLAINTIFF'S MOTION FOR LEAVE
## TO SUPPLEMENT COMPLAINT

The Defendant has opposed the Plaintiff's Motion for Leave to Supplement Complaint in the instant action. The Defendant argues that, the supplemental pleadings "involve separate decisions and documents... and adds new facts..." (Def's. Memorandum, at 5). Therefore, the Defendant reasons, briefing "the new issues" will cause delay and disruption to the case schedule. (Id. at 4).

The threshold consideration for district court faced with a motion to supplement the complaint is whether the supplemental facts connect the supplemental pleading the original pleading. Weeks v. New York State (Div. of Parole), 273 F.3d 76 (2d Cir. 2001). The fact that supplemental pleadings introduce a new cause of action not alleged in the original complaint should not bar their introduction, in view of the wording of Rule 15(d), especially where violations alleged in

*1*

supplemental pleadings do not create surprise nor prejudice rights of defendants, in as much as they are continuations of the same violations alleged in the original complaint. Montgomery Environmental Coalition v. Fri, 366 F.Supp. 261 (D.C.D.C. 1973).

The basis for a cause of action seeking damages in a Privacy Act complaint is that: 1) an agency failed to maintain accurate records; 2) it did so intentionally or willfully; 3) the events consequently led to the decision; and 4) an adverse determination was made respecting the plaintiff. Toolasprashad v. BOP, 286 F.3d 576 (D.C. Cir. 2002). In the case at bar, the Complaint alleges "that from 1992 through 2006, BOP officials deliberately maintained false information in Plaintiff's file so as to adversely affect custody classification.... this resulted in his assignment to a higher security level and higher risk of injury." (Def's. Memorandum, p.1). The Supplemental Complaint alleges that BOP officials have continued the practice of willful and intentional maintaining false data in files so as to continue adversely affecting the Plaintiff's custody classification. A supplemental bill setting up facts subsequently occurring which justify other or further relief with respect to the same cause of action is consistent with purpose and language of Rule 15(d). See Montgomery Environmental Coalition v. Fri, supra.

Contrary to the Defendant's assertions, the Supplemental Complaint does not meaningfully alter any aspect of the "complexion" of the action. The Defendant attempts to rely upon a claim that, allegations in the Amended Complaint "involved mostly... inaccurate records,... all essentially having to

do with [Plaintiff's] security and designation data form," and that, "His Supplemental Complaint includes... alleged actions... having to do with his progress report..." (Def's Memorandum, p. 4). In fact, the false data in the Security Designation Data Form, BP-337 document, was incorporated into the Progress Report. The specific documents which have been falsified as alleged in both the Amended Complaint and the Supplemental Complaint, all deal with custody classification. Halfway-house placement is a custody classification determination governed by security designation. See 18 USC § 3621 (b) and P.S. 5873.06. Although the nature in which those false documents have impacted custody classification may slightly differ, this does not, and can not, alter the fundamental fact that, BOP officials who are responsible for creating and maintaining files to be used for the purpose of custody classification determinations have persistently engaged in a policy and practice of willfully falsifying such files pertaining to the Plaintiff. The documentary evidence presented in support of both the Amended Complaint and the Supplemental Complaint establishes these facts unambiguously, and demonstrate continuity of intent to willfully create and maintain false custody classification files pertaining to the Plaintiff in each BOP facility to which he has been designated, for the purpose of causing adverse determinations to be made regarding and affecting him. The allegations in the Supplemental Complaint describe misconduct by BOP officials which "are continuation[] of the same violations alleged in the original complaint." 366 F. Supp. 261.

        Furthermore, the Defendant's proposition that the new allegations should be brought in "a new separate civil action"

3

(Def's Memorandum p. 3), in this case would be contrary to the interest efficient, economical, and prompt resolution of this dispute in one proceeding. The Plaintiff's request to Supplement the pleadings should be allowed in the interest of not burdening the Court with multiplicitous litigations, and of conserving judicial resources by disposing of the entire controversy.

WHEREFORE, for the reasons as stated herein above, the Plaintiff respectfully requests that his motion for leave to file Supplemental Complaint be granted.

Dated: July 30, 2008

Respectfully Presented,
/S/ KENNETH EUGENE SPEIGHT

By: Kenneth Eugene Speight
So 136 Collins Street
Hartford, CT 06105

## PROOF OF MAILING

I, Kenneth Eugene Speight, attest and affirm that a true and correct copy of the foregoing was sent via first-class mail on August 1, 2008, to:

Charlotte Abel, AUSA
555 4th Street, N.W.
Washington, D.C. 20530

Kenneth Eugene Speight

4