UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KENNETH EUGENE SPEIGHT, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 07-0208 (RCL) |
| FEDERAL BUREAU OF PRISONS, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kenneth Eugene Speight has sued defendant Federal Bureau of Prisons ("BOP") for alleged violations of the Privacy Act, 5 U.S.C. 552a *et seq*., seeking injunctive relief and damages. Because this Court lacks subject matter jurisdiction over this action, the BOP's motion to dismiss the complaint will be granted, and all other pending motions will be denied as moot.

Speight's complaint alleges that the BOP's "Central File" records on him contain errors that the BOP knows about and has refused to correct. (Am. Compl. ¶¶ 6-13, 15-21.) He further alleges that the BOP has based multiple decisions on these erroneous records which have been adverse to him. (*Id.* ¶¶ 14, 22, 26.) Bringing suit under 5 U.S.C. § 552a(g) for these alleged violations of the Privacy Act, he seeks an order requiring the BOP to correct its records and to pay damages for the harm that Speights alleges was proximately caused by the BOP's reliance on the erroneous information in its records. (*Id.* ¶¶ 2, 29.) In its motion to dismiss, the BOP argues

that it is exempt from any injunctive relief requiring it to amend defective or inaccurate records or from damages stemming from BOP's reliance on inaccurate records.[1]

An individual's right of civil action for violations of the Privacy Act is codified at 5 U.S.C. § 552a(g). Another section of the Act permits an agency head to promulgate regulations that exempt from certain provisions of the Act "any system of records within the agency . . . if the system of records is . . . maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws . . . , and the activities of . . . correctional . . . authorities, and which . . . consists of . . . reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision." 5 U.S.C. § 552a(j)(2)(C). The BOP has exempted its Inmate Central Record System from the provisions of 5 U.S.C. § 552a(g). *See* 28 C.F.R. § 16.97(a)(4).[2] In other words, the Privacy Act's provision for civil action is not available for matters arising from records in its Inmate Central Record System, and Speight has no right of action with respect to these records. *See also, Martinez v. Bureau of Prisons*, 444 F.3d 620, 624

---

[1] As alternative arguments, the BOP contends that Speight fails to state a claim for damages upon which relief may be granted, and raises the affirmative defense that Speight's claims are barred by the Privacy Act's two-year statute of limitations. Neither of these alternative arguments is considered here.

[2] In addition, the BOP has separately exempted its Inmate Central Record System from the Act's requirement that an agency "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination," codified at 5 U.S.C. § 552a(e)(5). *See* 28 C.F.R. § 16.97(j) (exempting records from the accuracy provisions of § 552a(e)(5)). Furthermore, it has exempted those records from the access, review and amendment provisions of the Act, codified at 5 U.S.C. § 552a(d). *See* 28 C.F.R. § 16.97(a)(4) (exempting records from the access and amendment provisions of 5 U.S.C. § 552a(d)).

(D.C. Cir. 2006) ("[T]he district court properly dismissed appellant's claims against the BOP. The BOP has exempted its Inmate Central Record System from the accuracy provisions of the Privacy Act, 5 U.S.C. § 552a(e)(5).  *See* 28 C.F.R. § 16.97(j)."); *Simpson v. Fed. Bureau of Prisons,* Civ. A. No. 05-2295 (CKK), 2007 WL 666517, *2 (D.D.C. Mar. 2, 2007) ("Because regulations exempt the Inmate Central Records System from subsections (e)(5) and (g) of the Privacy Act, plaintiff cannot obtain the relief he seeks.  This exemption effectively deprives plaintiff of any remedy, including damages, for BOP's alleged failure to maintain its records with the requisite level of accuracy.") (citing cases).

    Because the BOP has not waived its delegated sovereign immunity from civil suits brought under the Privacy Act with respect to these records, this Court lacks jurisdiction to entertain this action for damages and injunctive relief.  Accordingly, the complaint will be dismissed for want of jurisdiction and all other pending motions will be denied as moot.  A related Order accompanies this Memorandum Opinion.

DATED:  August 11, 2008

          /s/
ROYCE C. LAMBERTH
Chief Judge